THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HEDAY KATAOKA, | ) | 4:06CV3071 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, CHILD | ) | |
| SUPPORT ENFORCEMENT; | ) | |
| STATE OF NEBRASKA; SARPY | ) | |
| COUNTY DISTRICT COURT; | ) | |
| and DARLA WIESER-ZUMM, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| HEDAY KATAOKA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3072 |
| | ) | |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF HEALTH AND | ) | **MEMORANDUM** |
| HUMAN SERVICES, CHILD | ) | **AND ORDER** |
| SUPPORT ENFORCEMENT; | ) | |
| DARLA WIESER-ZUMM; and | ) | |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Heday Kataoka brings these 42 U.S.C. § 1983 actions[1] against the State of Nebraska; the Child Support Enforcement Division of Nebraska's Department of Health and Human Services; the District Court of Sarpy County, Nebraska; and Darla Wieser-Zumm, asserting that because he was raped by defendant Wieser-Zumm, he should not be responsible for paying child support for the child that is the alleged product of that sexual assault. The State of Nebraska and the Child Support Enforcement Division of Nebraska's Department of Health and Human Services have filed motions to dismiss in both cases pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(4), and 12(b)(5) based on Eleventh Amendment immunity and insufficiency of service of process. (Filing 13 in 4:06CV3071; Filing 17 in 4:06CV3072.) I shall grant the motions.

Plaintiff's section 1983 claims against the State of Nebraska and its agency, the Child Support Enforcement Division of the Nebraska Department of Health and Human Services, are barred by the Eleventh Amendment. <u>Texas Community Bank, N.A. v. Missouri Dep't of Social Servs., Div. of Medical Servs.</u>, 232 F.3d 942, 943 (8th Cir. 2000) (state agencies may assert the Eleventh Amendment immunity of the state); <u>Murphy v. State of Arkansas</u>, 127 F.3d 750, 754 (8th Cir. 1997) (§ 1983 claims against state and its agencies were barred by Eleventh Amendment). Further, the State is not a "person" for purposes of section 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 64 (1989) (state is not a "person" under § 1983). Thus,

---

[1]Both of Plaintiff's lawsuits make the same factual claims; the difference between the two actions is simply in the relief requested. In Case No. 4:06CV3071, Plaintiff alleges violations of his rights to equal protection, due process, and his right to be free from unlawful seizure under 42 U.S.C. § 1983. He requests relief from a state court judgment, monetary damages, attorney fees, and costs. In Case No. 4:06CV3072, Plaintiff requests that an injunction be issued to prevent the Nebraska Department of Health and Human Services from collecting child support from him.

Plaintiff's claims against the State of Nebraska and its agency shall be dismissed without prejudice[2] pursuant to Fed. R. Civ. P. 12(b)(1).

The Sarpy County District Court, a defendant in Case No. 4:06CV3071, has not filed a motion to dismiss. However, because issues of subject-matter jurisdiction can be raised by the court at any time, Fed. R. Civ. P. 12(h)(3), and because Eleventh Amendment immunity "is regarded, at least for this purpose, as going to subject-matter jurisdiction," Fromm v. Commission of Veterans Affairs, 220 F.3d 887, 890 (8th Cir. 2000), I also conclude that defendant Sarpy County District Court should be dismissed from Case No. 4:06CV3071 as well. "[C]ourts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment. A court is not a 'person' within the meaning of the Civil Rights Act." Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986) (internal citation omitted). See also Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993) (same). The result would be the same even if the Sarpy County District Court was not immune from suit:

> The federal district court has no authority to review a state court's final judgment in an individual proceeding. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84, 103 S. Ct. 1303, 1314-16, 75 L. Ed. 2d 206 (1983). Appellants, by the remedies they request, ask the federal courts to oversee the . . . state courts. This is neither the function nor the purpose of the federal judicial system. A state's judicial system is not subject to direct or indirect review in either the federal district courts or the federal courts of appeal.

Harris, 787 F.2d at 429. Thus, defendant Sarpy County District Court shall be dismissed from Case No. 4:06CV3071 pursuant to Fed. R. Civ. P. 12(b)(1).

---

[2] Dismissal for lack of jurisdiction is not an adjudication on the merits, so must be without prejudice. Missouri Soybean Ass'n v. United States Environmental Protection Agency, 289 F.3d 509, 513 (8th Cir. 2002).

In Case No. 4:06CV3072, there is no evidence in the electronic court file that Wieser-Zumm, the only remaining defendant in both cases, has been served with the summons and complaint within 120 days after filing of the complaint, as required by Fed. R. Civ. P. 4(m).[3] She has not filed an answer, motion, or appearance.

Further, and as stated above, Case No. 4:06CV3072 makes the same factual claims as those made in Case No. 4:06CV3071; the difference between the two actions is simply in the relief requested. "Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time," Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001). Therefore, I shall dismiss Case No. 4:06CV3072 and this matter shall proceed against defendant Darla Wieser-Zumm only in Case No. 4:06CV3071. See also Kriz v. 12th Judicial Dist. Bd. of Mental Health of Box Butte County, 2005 WL 2563040, at *1 (D. Neb. Oct. 11, 2005) (Urbom, J.) (dismissing without prejudice one of two cases involving identical parties, requesting same remedies, and addressing same subject matter; stating that "[t]he plaintiff should not require two civil cases in which to present the same claims against the same defendants. In fact, 'plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time.' Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000). 'District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ

---

[3]Rule 4(m) provides in part: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

4

between the two actions.' Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir.1993) (citation omitted). Accord Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) ('Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.')" (internal citation and quotation marks omitted)).

I note that defendant Darla Wieser-Zumm has filed an answer in Case No. 4:06CV3071 (filing 7), and there are no motions pending as to that defendant in that case. I remind the parties that Wieser-Zumm is a private citizen whose conduct must constitute action under color of state law in order to be liable under section 1983. Dubose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999) (essential elements of § 1983 claim are whether conduct was committed by person acting under color of state law and whether conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States).

> To act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions . . . .

Dubose, 187 F.3d at 1003 (quoting Dennis v. Sparks, 449 U.S. 24, 27-29 (1980)).[4]

---

[4]The only allegation in Plaintiff's complaint in Case No. 4:06CV3071 that even remotely hints at willful participation in joint action between Wieser-Zumm and the State of Nebraska or its agents is this:

> That by proceeding against the Plaintiff as if he were a consensual sex partner of the Defendant Wieser-Zumm, the Defendants actually enhanced the Defendant Wieser-Zumm's ability to further harass, victimize, and financially exploit the Plaintiff rather than protecting the Plaintiff as a victim of sexual assault . . . That the Defendants [sic] failure to protect the Plaintiff was done under color of state law.

5

Accordingly,

IT IS ORDERED:

1. The motions to dismiss (Filing 13 in 4:06CV3071; Filing 17 in 4:06CV3072) filed by defendants State of Nebraska and the Child Support Enforcement Division of the Nebraska Department of Health and Human Services are granted, and these defendants are dismissed without prejudice from Case Nos. 4:06CV3071 and 4:06CV3072 pursuant to Fed. R. Civ. P. 12(b)(1);

2. Defendant Sarpy County District Court is dismissed without prejudice from Case No. 4:06CV3071 pursuant to Fed. R. Civ. P. 12(b)(1); and

3. Case No. 4:06CV3072 is dismissed without prejudice as duplicative of Case No. 4:06CV3071 and this matter shall proceed against Darla Wieser-Zumm, the only remaining defendant in this dispute, in Case No. 4:06CV3071;

4. Judgment in Case No. 4:06CV3072 shall be entered by separate document.

November 29, 2006.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

(Filing 1, Complaint ¶¶ 73 & 74 (equal protection/failure to protect claim).)